IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY JAY DRAGONE,

        Plaintiff,

v.                                     Case No.  23-1181-JWB

LINCOLN COUNTY HOSPITAL, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss and memorandum in support. (Docs. 11, 12.)  Plaintiff failed to file a response and the time for doing so has now passed. The motion is GRANTED for the reasons stated herein.

**I.**    **Facts**

Plaintiff Larry Dragone filed suit against Defendants alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.  Plaintiff brought suit against his prior employer Lincoln County Hospital (the "Hospital").  He also names as Defendants three individuals: Steve Granzow; Tawnya Seitz, and Sandy King.  Granzow and Seitz are identified as "CEOs" of the Hospital and King is identified as the head of medical records. (Doc. 1 at 2.)  Plaintiff was employed by the Hospital for 23 years as a medical director/physician and terminated on April 9, 2019.  (Doc. 1-3 at 7.)  Plaintiff alleges that Defendants discriminated against him by failing to hire him, terminating his employment, and failing to accommodate his disability.  Plaintiff also alleges a claim of retaliation.

Plaintiff was terminated by the Hospital on the basis that he was having problems with dementia.  (Doc. 1 at 8.)  Plaintiff claims that he has disproved these allegations with cognitive

tests.  Plaintiff further asserts that he has major depressive disorder and PTSD (post-traumatic stress disorder) and that the Hospital failed to accommodate his disabilities.  With respect to the failure to hire claim, Plaintiff states that he was interviewed by Defendants but was not hired because someone stated that they were not looking for a "medical director/physician at the time." (*Id.*)  However, in April 2023, which was "right after" the interview, Defendants advertised for a medical director/physician.  With respect to his claim of retaliation, Plaintiff asserts that Defendants failed to hire him after he had cleared his name of any wrongdoing.  (*Id.*)

Defendants move for dismissal of Plaintiff's complaint on several grounds.  Plaintiff has not responded to the motion.  Although this court's local rules provide that a party's failure to respond to a motion results in the motion being granted as uncontested, the court cannot grant a dispositive motion based solely on plaintiff's failure to respond.  *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).  The court will therefore address Defendants' arguments in turn.

## II.    Standard

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations,

however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.   Analysis

### A.  Individual Liability

The individual Defendants move for dismissal on the basis that the ADA precludes individual liability.  The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  The ADA precludes discrimination by an employer.  *Id.* § 12111.  The individual Defendants are identified as supervisors or employees of the hospital. Plaintiff has not alleged that these individuals were his employers.  Therefore, the claims against these individuals must be dismissed as they are not permissible under the ADA. *See  Hinson v. U.S.D. No. 500*, 187 F. Supp. 2d 1297, 1311 (D. Kan. 2002) ("The court further notes that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.") (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)).

### B.  Exhaustion

Next, the Hospital argues that Plaintiff failed to exhaust his administrative remedies with respect to his discrimination claims concerning his termination and failure to accommodate. Before an employee may bring suit under the ADA, the employee must exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") or the authorized state agency identifying the parties and describing the practices complained of.  *Jones v. Needham,* 856 F.3d 1284, 1289 (10th Cir. 2017); *Patterson v. Kalmar*

*Sols., LLC*, No. 19-2745-DDC-TJJ, 2020 WL 2735743, at *2 (D. Kan. May 26, 2020).  The EEOC is required to give the aggrieved person notice of the disposition of the charge, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."  42 U.S.C. §2000e-5(f)(1).

"A plaintiff normally may not bring a Title VII [or ADA] action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter."  *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Foster v. Ruhrpumpen, Inc*., 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted); *see also Patterson*, 2020 WL 2735743, at *2.  The court will liberally construe a plaintiff's allegations in the charge but a plaintiff's claim in court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the [agency]."  *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).  Furthermore, "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."  *Lincoln,* 900 F.3d at 1181 (citation omitted).

In his complaint, Plaintiff attached right to sue letters for two different charges of discrimination.  (Doc. 1 at 10; 1-2 at 1.)  The Hospital has attached as exhibits Plaintiff's EEOC charges that correspond with the right to sue letters.[1]  In the first EEOC charge, Plaintiff only alleged claims of age discrimination which are not present in this case.  (Doc. 12-1.)  In the second charge, Plaintiff stated that the Hospital failed to hire him in violation of the ADA and also asserted that it retaliated against him for engaging in protected activity.  (Doc. 12-2 at 2.)  Viewing the

---

[1] The court can consider these documents on a motion to dismiss in determining whether Plaintiff exhausted his administrative remedies because they are central to the claims at issue and there has been no challenge to their authenticity.  *See Utah Gospel Mission v. Salt Lake City Corp*., 425 F.3d 1249, 1253 (10th Cir. 2005).

charge liberally, Plaintiff did not assert that the Hospital failed to accommodate him in violation of the ADA nor did he contend that it terminated his employment in violation of the ADA. Therefore, Plaintiff did not exhaust those claims and they must be dismissed from this action.

### C.  Failure to State a Claim

With respect to the final two claims, retaliation and failure to hire, the Hospital argues that Plaintiff has failed to state a claim.  To state a claim of discrimination in violation of the ADA, Plaintiff must show: (1) that he is disabled or perceived as disabled, as defined by the ADA, (2) that he is qualified to perform the essential functions of the job, and (3) that he was not hired "under circumstances which give rise to an inference" that the decision was based on his disability. *Smothers v. Solvay Chemicals, Inc.,* 740 F.3d 530, 544 (10th Cir. 2014).  The Hospital argues that Plaintiff has failed to sufficiently allege that he is qualified to perform the essential functions of the job of medical director/physician.  Notably, Plaintiff has attached a handwritten exhibit in which he states that his medical license is inactive. (Doc. 1-2 at 5).  As a result, the Hospital argues that he was not qualified to be a physician.  Reviewing the factual allegations, Plaintiff has failed to allege any facts that would support a finding that he was qualified to perform the essential functions of the position of medical director/physician.  Further, Plaintiff has failed to allege any facts which plausibly allege that he was not hired due to his disability.

Plaintiff's EEOC charge states that he was interviewed in late July 2022. (Doc. 12-2 at 2.) Plaintiff alleges that the Hospital told him that they were not looking for a medical director/physician at that time.  (Doc. 1 at 8.)  Plaintiff asserts this statement was false because they allegedly posted the same position in April 2023.  (*Id.*)  The posting, however, was several months after Plaintiff' interview.  Moreover, Plaintiff has not alleged any facts which would

suggest that he was not hired due to his disability.  Therefore, the court finds that Plaintiff has failed to plausibly allege a claim of discrimination.

Next, Plaintiff asserts that the Hospital retaliated against him by failing to hire him for the position.  To succeed on that claim, Plaintiff must show 1) that he engaged in protected opposition to discrimination, 2) "that a reasonable employee would have found the challenged action materially adverse," and 3) "that a causal connection exists between the protected activity and the materially adverse action."  *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 803 (10th Cir. 2007)).  Defendant moves for dismissal on the basis that Plaintiff has failed to sufficiently allege that he engaged in protected opposition to discrimination.  Reviewing the allegations, Plaintiff has asserted that the Hospital failed to hire him after he cleared his name of wrongdoing.  (Doc. 1 at 8.)  This vague allegation does not show that Plaintiff engaged in protected activity.  Therefore, Plaintiff has failed to sufficiently allege that he engaged in protected opposition to discrimination.

**IV.    Conclusion**

Defendants' motion to dismiss (Doc. 11) is GRANTED.

IT IS SO ORDERED.  Dated this 21st day of March 2024.

___s/ John W. Broomes _____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE